## Staunton.

BANK OF POCAHONTAS V. BROWNING.

September 15, 1910.

Absent, Cardwell, J.

1. USURY—*Attorney's Fees in Addition to Interest.*—If a lender, as the price of the extension of the time of payment of a loan, requires the borrower to pay his attorney's fees for suits against lender in addition to legal interest on the loan for the time extended, the transaction is usurious, and the fees so paid may be recovered back of the lender within one year from their payment. The fact that a judgment for a part of the loan was marked satisfied, and that a pending suit for the residue was dismissed when the time of the laon was extended and security for the debt was given does not alter the transaction.

Error to a judgment of the Circuit Court of Tazewell county in an action of assumpsit. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Sexton & Roberts* and *Henry & Graham*, for the plaintiff in error.

*Henson & Bowen*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The facts in this case are agreed. They show that James Browning was indebted to the Bank of Pocahontas in the sum of $26,217, of which $2,200 had been reduced to judg-

ment, and suit was pending to obtain judgment for the residue. In this situation Browning applied to the bank for an extension of time, which was granted, upon the terms that he would execute his notes with his wife as endorser, at thirty and sixty days, for the full amount of his indebtedness, and in addition thereto that he would pay $600 due from the bank to its attorneys for their services in prosecuting the suits; and would also pay all costs of such suits. The bank on its part was to mark the $2,200 judgment satisfied and dismiss the pending suit.

The notes executed in pursuance of this agreement, which included the $600 debt due by the bank to its attorneys, were subsequently paid in full by Browning. The cost of the suits, amounting to $87.74, which Browning had agreed to settle as part of his undertaking, not being paid, this suit was brought to recover that sum.

Browning, under proper pleas, claimed that the $600 due from the bank to its attorneys which he had been required to pay was usury, which he was entitled within the year to recover back, and set up that amount as an offset to the demand of the bank. There was a judgment against the bank in favor of Browning for the $600 claimed by him, subject to a credit of $87.74, the unpaid costs claimed by the bank, which we are asked to review.

The objections suggested to the proceedings in this case are without merit. The real question involved is: Was the transaction between the bank and Browning for the forbearance of money, and if so was the $600 to that extent in excess of six *per cent.*, and therefore usurious?

This question was decided in the case of *Toole* v. *Stevens*, 4 Leigh 581, the only difference in the facts being that in the case cited the attorneys' fees were paid directly to the attorney, while in the present case they were paid to the bank. In that case the whole argument was directed to the question, whether or not the agreement to pay the attorney for the

bank his commission of five *per cent.* in addition to the principal and interest of the debt, rendered the transaction usurious, and this court held that it did.

It is contended that there were other considerations than the forbearance and extension of time in the case at bar, viz: marking the judgment satisfied and dismissing the suits. In the case cited the new obligation given was in satisfaction of existing judgments, but that fact did not make the transaction less usurious. Marking the judgment satisfied and dismissing the suits followed as the result of taking the new obligations, with other sureties, due after date.

The question here involved is clearly controlled by the case of *Toole* v. *Stevens*, *supra*, and the judgment complained of must, therefore, be affirmed.

*Affirmed.*